UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH H. BAYNE,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>SHERIFF G. AHERN, et al.,<br><br>　　　　Defendants. | Case No. 18-01850 BLF (PR)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

Plaintiff, who is currently in custody at the Napa State Hospital, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983.[1] Plaintiff's motion for leave to proceed *in forma pauperis* will be addressed in a separate order.

**DISCUSSION**

**A.** **Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any

---

[1] This matter was reassigned to this Court on April 6, 2018. (Docket Nos. 4 & 5.)

cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.** **Plaintiff's Claims**

The named Defendants in this action include the City of Berkeley's Animal Control and its director, PG&E and its employees, the District Attorney for the City of San Ramon, the Berkeley Police Department ("BPD"), the Estate of deceased Seon O'niell, and an individual named "El-Vahy-Niya aka Chivako," of Pinole, California. (Compl. at 2.) Plaintiff claims unlawful confiscation of his dog by Animal Control, injury to his brain-spinal cord by PG&E driver, false charges and wrongful imprisonment by the District Attorney of San Ramon, and wrongful eviction by the BPD and remaining two defendants. (*Id.* at 10-12.) Plaintiff seeks injunctive relief and damages. (*Id.* at 13-14.)

"A party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). Accordingly, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). "Unrelated claims against different defendants belong in different suits," not only to prevent the sort of "morass" that a multi-claim, multi-defendant suit can produce, "but also to ensure that prisoners pay the required filing fees – for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of required fees." *Id.* (citing 28 U.S.C. § 1915(g)).

2

Here, none of the claims are related to each other and do not arise out of the same transaction, occurrence, or series of transactions or occurrences. Fed. R. Civ. P. 20(a)(2). For example, there is no allegation that the confiscation of his dog by Animal Control has anything to do with the injury caused by the PG&E driver. Nor are there any allegations connecting the wrongful imprisonment by the District Attorney of San Ramon with the eviction claims against the BPD and other defendants. "A buckshot complaint that would be rejected if filed by a free person – say, a suit complaining that A defrauded plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions – should be rejected if filed by a prisoner." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (noting that, in prisoner complaint seeking to join 24 defendants and approximately 50 distinct claims, prisoner made no effort to show that 24 defendants he named had participated in the same transaction or series of transactions or that a question of fact is common to all defendants). Accordingly, the Court finds that the claims against the named Defendants are improperly joined in this single action. In the interest of justice, Plaintiff shall be granted leave to file an amended complaint containing only related claims against the appropriate Defendants.

Furthermore, Plaintiff may not be able to pursue a claim for his wrongful imprisonment against the District Attorney for the City of San Ramon. In order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a 42 U.S.C. § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994). A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. *Id.* at 487. Accordingly, if Plaintiff is not able to make a showing that the unlawful imprisonment has been otherwise invalidated, any

3

claim related to that conviction or sentence will be barred by *Heck*.

In preparing an amended complaint, Plaintiff should be mindful of the following legal principles. He must allege the two essential elements under § 1983 to state a claim: (1) the constitutional or federal right that was violated, and (2) the person acting under the color of state law who committed the alleged violation. *See West v. Atkins*, 487 U.S. at 48. The Court notes that the allegations for several of his other claims fail to establish these two elements to state a § 1983 claim. For example, there are no allegations indicating what federal right was violated by the confiscation of his dog, and how PG&E, a private entity, was acting under the color of state law. Failure to show the two essential elements will result in the dismissal of the claim for failure to state a claim for which relief can be granted. *See* 28 U.S.C. § 1915A(b)(1),(2).

With respect to individual liability, a person deprives another of a constitutional right within the meaning of §1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988). The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation. *Id.* (citations omitted). The element of causation requires a showing that the injury is "fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court." *Mendia v. Garcia*, 768 F.3d 1009, 1012 (9th Cir. 2014) (quoting *Bennett v. Spear*, 520 U.S. 154, 167 (1997)).

Shortly after filing the original complaint, Plaintiff filed a letter indicating an "Intent to Amend Complaint." (Docket No. 4.) The amendment involves the same claims discussed above which are improperly joined in this action. Accordingly, the Court will disregard the pleading. Once Plaintiff decides which claim he wishes to pursue, he should incorporate all allegations and supporting documents for that claim into the amended

4

complaint to be filed with the Court.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

The complaint is **DISMISSED with leave to amend**. Within **twenty-eight (28) days** of the date this order is filed, Plaintiff shall file an amended complaint to comply with the pleading requirements described above. The amended complaint must include the caption and civil case number used in this order, Case No. C 18-01850 BLF (PR), and the words "AMENDED COMPLAINT" on the first page. If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed.

The amended complaint supersedes the original, the latter being treated thereafter as non-existent. *Ramirez v. Cty. Of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015). Consequently, claims not included in an amended complaint are no longer claims and defendants not named in an amended complaint are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.1992).

**Failure to respond in accordance with this order in the time provided will result in the dismissal of this action without prejudice and without further notice to Plaintiff.**

The Clerk shall include two copies of the court's complaint with a copy of this order to Plaintiff.

**IT IS SO ORDERED.**

**Dated:** September 18, 2018

BETH LABSON FREEMAN
United States District Judge

Order of Dismissal with Leave to Amend
PRO-SE\BLF\CR.18\01850Bayne_dwlta